IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | |
|---|---|
| RAY COLGROVE #471509 | § |
| | §    CIVIL ACTION NO. 9:02cv190 |
| EDDIE WILLIAMS, ET AL. | § |

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND ENTERING FINAL JUDGMENT

The Plaintiff Ray Colgrove, proceeding *pro se*, filed this lawsuit complaining of alleged violations of his constitutional rights. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Colgrove's complaint raised eight general grounds for relief, including: (1) he was forced to give a DNA sample, even though the offense for which he was convicted does not require that such a sample be given; (2) he was denied due process in a disciplinary hearing which he received for failing to give the DNA sample; (3) Colgrove was retaliated against by Officer Verrett for filing a complaint against her; (4) Colgrove is routinely subjected to strip searches by female officers; (5) on April 20, 2001, he was denied due process in a disciplinary hearing; (6) the design of the unit causes him to be in danger because the floor is always wet and slippery from the shower; (7) Colgrove has been subjected to

deliberate indifference to his serious medical needs; and (8) Colgrove has been kept in administrative segregation for an extended period of time in retaliation for his exercise of protected rights.

The Magistrate Judge ordered the Defendants to submit materials pertinent to the resolution of the claims. *See* Martinez v. Aaron, 570 F.2d 317 (10th Cir. 1978); *accord*, Parker v. Carpenter, 978 F.2d 190, 191-92 n.2 (5th Cir. 1992). Copies of these materials were furnished to Colgrove, who was given an opportunity to respond.

After reviewing the pleadings and evidence in the case, the Magistrate Judge issued a Report on August 8, 2003, recommending that Colgrove's lawsuit be dismissed. The Magistrate Judge determined that Colgrove's complaint regarding the DNA sample had been rejected by the Fifth Circuit and that his claim of denial of due process in the disciplinary proceeding failed because Colgrove did not show that the punishment inflicted upon him imposed an atypical and significant hardship in relation to the ordinary incidents of prison life.

The Magistrate Judge rejected Colgrove's retaliation claims, concluding that Colgrove failed to show that but for the alleged retaliatory motives, the incidents complained of would not have occurred. The Magistrate Judge further concluded that Colgrove's claims regarding retaliation by Officer Verrett, strip searches by female guards, and denial of medical care had not been exhausted through the prison grievance procedures, as required.

Hence, the Magistrate Judge recommended that these claims be dismissed with prejudice. Underwood v. Wilson, 151 F.3d 292, 296 (5th Cir. 1998) (authorizing dismissal of unexhausted claims with prejudice).

The Magistrate Judge additionally rejected Colgrove's claim that he was denied due process in a disciplinary hearing concerning contraband and that Colgrove's complaints regarding shower safety were nothing more than allegations of negligence and thus not cognizable under Section 1983. Finally, the Magistrate Judge determined that Colgrove's claim that he was being unlawfully retained in administrative segregation lacked merit because under Fifth Circuit precedent, retention in administrative segregation was incident to the normal life of a prisoner and thus could not be a constitutional claim absent extraordinary circumstances.

After seeking an obtaining an extension of time, Colgrove filed objections to the Magistrate Judge's Report on October 21, 2003. In his objections, Colgrove first argues that the Fifth Circuit's decision in Velasquez v. Woods, 329 F.3d 420, 421 (5th Cir. 2003), rejecting an inmate's claim regarding the giving of a DNA sample, was incorrect and conflicts with decisions by other circuits and by the Supreme Court, because the extraction of blood is a significant intrusion into bodily integrity. The decisions cited by Colgrove, including Planned Parenthood v. Casey, 112 S.Ct. 2791 (1992) and Skinner v. Railway Labor Executives Association, 109 S.Ct. 1402 (1989) are plainly distinguishable. His objection on this point is without merit.

3

In another objection on this ground, Colgrove says that the Act requiring the taking of DNA samples applies only to inmates who begin serving their sentences after its effective date. However, the 1999 amendments to the statute, added by Section 3 of Acts 1999, 76th Leg., ch. 1368, provide that blood samples shall be collected from inmates serving sentences for murder, aggravated assault, burglary punishable under Section 30.02(c)(2), or an offense for which registration as a sex offender is required but for which the collection of a blood sample or other specimen was not required before the effective date of this Act or from an inmate having previously been convicted of one of those offenses. In this case, Colgrove is serving a sentence for burglary of a habitation and thus falls under the statute. Acts 1999, Sec. 3, ch. 1368 provides for collection of a DNA sample from him. Colgrove's claim on this point is without merit.

Second, Colgrove argues that he is entitled to the protections of <u>Wolff v. McDonnell</u>, 418 U.S. 539 (1974) in any disciplinary hearing which may result in the loss of good time credits, regardless of whether or not such a loss actually occurs. However, the Supreme Court expressly said that the operative interest is the nature of the deprivation, and that liberty interests which are protected by the Due Process Clause are generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate

4

in relation to the ordinary incidents of prison life. <u>Sandin v. Conner</u>, 115 S.Ct. 2293, 2301 (1995). Hence, the Court's focus was on actual, not potential, deprivations. *See also* <u>Malchi v. Thaler</u>, 211 F.3d 953, 959 (5th Cir. 2000). Colgrove's objection on this point is without merit.

Finally, Colgrove argues that the Magistrate Judge erred by concluding that his continued confinement in administrative segregation is proper. He again maintains that he is no longer a member of the Aryan Brotherhood, and so should be released. He says that prison records confirm that he is no longer a gang member; however, a review of these records show that he is still considered to be a member. As the Magistrate Judge noted, when Colgrove filed a grievance in February of 2002, the response was that he was interviewed on February 13, 2002, and advised of the procedures of how to "grad" out of his current situation, but that Colgrove said that he was not trying to go into the "GRAD" [gang re-integration] program because he was waiting on the outcome of his lawsuit. Thus, Colgrove was advised of the procedures to follow whereby he would no longer be considered a gang member, but declined at that time to follow these procedures. Consequently, Colgrove has failed to show that his retention in administrative segregation is the result of retaliation.

Furthermore, as the Magistrate Judge noted, the Fifth Circuit has held that administrative segregation, without more, simply does not constitute a deprivation of a constitutionally cognizable liberty interest. <u>Pichardo v. Kinker</u>, 73 F.3d 612, 613

(5th Cir. 1996), *citing* Luken v. Scott, 71 F.3d 192, 193 (5th Cir. 1995). The Court specifically stated as follows:

> We hold that absent extraordinary circumstances, administrative segregation as such, being an incident to the ordinary life as a prisoner, will never be a ground for a constitutional claim, and therefore affirm [the dismissal of Pichardo's lawsuit].

Pichardo, 73 F.3d at 613.

Colgrove argues that Pichardo is distinguishable because in that case, the inmate Rolando Pichardo was not even a gang member. He fails to show how this fact makes a difference, inasmuch as he also is claiming not to be a gang member. Colgrove's objection on this point is without merit.

Similarly, Colgrove complains that confinement in administrative segregation is cruel and unusual punishment. This contention lacks merit. Pichardo, 73 F.3d at 613; Luken, 71 F.3d at 193. To the extent that Colgrove contends that the conditions of confinement themselves, including confinement to his cell for 23 hours a day, taking his meals in his cell, handcuffing when he leaves his cell, denial of interaction with other inmates, and deprivation of educational or vocational opportunities amount to cruel and unusual punishment, his claims are without merit. Wilson v. Lynaugh, 878 F.2d 846, 848 (5th Cir.), *cert. denied* 493 U.S. 969 (1989); Rhodes v. Chapman, 452 U.S. 337, 346-7 (1981) (to the extent that prison conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society).

The Court has conducted a careful *de novo* review of the pleadings and evidence in this cause, the Report of the Magistrate Judge, the Plaintiff's objections thereto, and all filings and records in the cause. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Plaintiff's objections are without merit. It is accordingly

ORDERED that the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the Plaintiff's claims concerning the giving of a DNA sample, denial of due process in the disciplinary case regarding the DNA sample, retaliation by Officer Verrett, a violation of due process concerning his reclassification in April of 2001, deliberate indifference to his safety though the failure to fix the shower, and continued retaliatory retention in administrative segregation be and hereby are DISMISSED with prejudice as frivolous. It is further

ORDERED that the Plaintiff's claims concerning a pattern or practice of strip searches by female inmates and inadequate medical care, as well as his claim of retaliation by Officer Verrett, be and hereby are DISMISSED with prejudice for failure to exhaust administrative remedies. It is further

ORDERED that all motions which may be pending in this cause are hereby DENIED. Finally, it is

ORDERED that the Order of Reference to the United States Magistrate Judge is hereby VACATED.  28 U.S.C. §636(b).

SIGNED this ___24th___ day of October, 2003.

_____
JOHN HANNAH, JR.
CHIEF JUDGE